UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WIDLER DUROSEAU,

      Petitioner,

    v.                       CAUSE NO. 3:26-CV-473-CCB-SJF

WARDEN, et al.,

      Respondents.

## ORDER

Immigration detainee Widler Duroseau, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. He asserts that the government has not given him an opportunity to be released on bond in accordance with 8 U.S.C. § 1226(a) while his removal proceeding are pending. (ECF 1.) The court issued an order to show cause, and the government has responded that Mr. Duroseau is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) while his removal proceedings are pending. (ECF 9.)

However, it appears from public information available on the Executive Office of Immigration Review's website that Mr. Duroseau's removal order may have become final after the government's response was filed. If so, his detention would be governed instead by 8 U.S.C. § 1231, which requires detention for a 90-day period after a removal order

becomes final.[1] In light of this potential development, the court finds it necessary to obtain a supplemental response from the government addressing the status of Mr. Duroseau's removal proceedings so the court can ensure application of the correct statute.

For these reasons, the court **ORDERS** the respondents to file a supplemental response addressing the status of the petitioner's removal proceedings by **July 6, 2026.** Any reply by the petitioner shall be due **July 13, 2026.**

SO ORDERED on June 26, 2026.

_/s/Cristal C. Brisco_
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The EOIR website reflects that an immigration judge ordered Mr. Duroseau removed to Haiti on May 11, 2026, making an appeal to the Board of Immigration Appeals due by June 11, 2026, at the latest. *See* 8 C.F.R. § 1003.38(b). That deadline has passed, and the website reflects that no appeal was filed. If he does not have an appeal pending, his removal order would have become administratively final when the time for filing an appeal expired. 8 U.S.C. § 1101(a)(47)(B).

2